UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHAT LOWE, | ) | CASE NO. 4:05 CV 2064 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On August 25, 2005, pro se petitioner Chat Lowe filed the above-captioned habeas corpus action pursuant to 28 U.S.C. § 2241 against the United States of America.  Mr.  Lowe, who is in prison at the Northeast Ohio Correctional Center (NEOCC) in Youngstown, Ohio, asserts that he is being illegally imprisoned.  For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

Mr. Lowe was indicted and charged with assaulting a District of Columbia (D.C.) police officer and a United States Attorney on January 31, 2002 within the District of Columbia.

He pleaded not guilty and a bench trial was held before Judge Huvelle in the United States District Court for the District of Columbia.  Judge Huvelle found Mr. Lowe guilty on both counts in the indictment and sentenced him to 36 months for assaulting the United States Attorney, 90 days for assaulting the police officer, and one year of supervised release.

On March 25, 2005, Mr. Lowe was released from prison and advised to report to his probation officer.  He complied with the requirement and met with Senior Probation Officer Brian Shaffer on March 28, 2005.  Two months later, they again met to discuss the requirements and conditions of his supervised release term.  During their meeting in May 2005, Mr. Lowe signed a Conditions and Requirements form that Mr. Shaffer presented to him.  He also agreed to a hearing before the court "on the issues of (1) the accused in the alleged charges need[s] to participate in a drug abuse treatment program (2) the accused in the alleged charges need[s] to participate in a Mental Health Treatment Program."[1]  (Pet. at 6.)

During a hearing before District Court Judge Faccinica in the United States District Court for the District of Columbia on July 7, 2005, Mr. Lowe's attorney requested a continuance in order to present the issues to Judge Huvelle.  Petitioner believes that his attorney's request was not in his best interest and reflected ineffective assistance of counsel. At the hearing which followed on July 19, 2005, the parties, again, appeared before Judge Faccinica.  Petitioner's attorney renewed his motion for a continuance to bring the matter before Judge Huvelle.  The motion was granted and a hearing was held on July 21, 2005 before Judge Huvelle.

Mr. Lowe asserts that during his hearing before Judge Huvelle "[a]ll evidenc I

---

[1]    To the extent Mr. Lowe describes himself as "the accused" and refers to "alleged charges," the court presumes that he is referring to potential violations of his supervised release conditions.

2

presented supported my position in this matter and there was no evidence I violated Supervised Release by agreeing to a hearing on the issues of the conditions imposed in the Supervised Release (1) need to participate in a drug treatment program (2) need to participate in a mental health treatment program."(Pet. at 9.) Judge Huvelle, however, determined that Mr. Lowe violated the terms of his supervised release and "revoked the supervised release thereby causing me to be unlawfully imprison [sic].  As a result of Judge Huvelle [sic] action did cause deprivation of my Rights secured by the United States Constitution [,] Amendments 5, 8, 14." (Pet. at 9.)

In his petition before this court, Mr. Lowe maintains that Judge Huvelle revoked his supervised release without any evidence that he violated the conditions of his supervised release. He provides this court with five pages of facts to support his contention that he has been "drug-free" since 2001. He adds that during a preliminary hearing on the charges in the District of Columbia, district court Judge Allen Kay determined that he was competent to stand trial and disagreed with the prosecutor who believed petitioner had a "mental problem."  Mr. Lowe further claims that even when Judge Huvelle issued an order to have the Bureau of Prisons (BOP) conduct a mental evaluation of him on April 23, 2005, the results "stated his Mental Stability is <u>Favorable</u>."  In his prayer for relief, he seeks immediate release from "illegal detention."

*Federal Habeas Corpus Petitions*
*28 U.S.C. §2241*

Before the court can address the merits of the petition before it, the question of whether petitioner's claim is properly raised in a § 2241 habeas petition must first be determined. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. <u>United States v. Peterman</u>, 249 F.3d 458, 461 (6th Cir.), <u>cert</u>. <u>denied</u>, --- U.S. ----, 122 S.Ct. 493 (2001).  But where, as here, a

3

federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998).

This is clearly not the court which sentenced Mr.  Lowe, and this court is precluded from construing this as a § 2255 motion.  See In re Shelton, 295 F.3d 620 (6th Cir.2002).  As such, petitioner's only alternative would be the § 2255 safety valve provision wherein a federal prisoner may challenge his conviction or the imposition of his sentence pursuant to § 2241 if the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

Mr. Lowe does not argue that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. The unavailability of § 2255 relief does not alone establish "inadequacy or ineffectiveness" under the savings clause.  The Sixth Circuit has plainly stated that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied ... or because the petitioner is procedurally barred from pursuing relief under § 2255 ... or because the petitioner has been denied permission to file a second or successive motion to vacate[.]" Charles, 180 F.3d at 756 (citations omitted).

There is no allegation that Mr.  Lowe objected to his sentence once the written judgment and commitment order was entered by the district court.  Also, there no indication that he raised this issue on direct appeal or in a § 2255 motion. A federal prisoner may not challenge his

4

conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255; Charles, 180 F.3d at 755-56; Capaldi, 135 F.3d at 1123.  Clearly, "[d]efendants must assert their claims in the ordinary course of trial and direct appeal." United States v. Cofield,  233 F.3d 405, 407 (6th Cir.  2000); Grant v. United States, 72 F.3d 503, 506 (6th Cir.1996).  Therefore, the fact that petitioner may be procedurally barred from filing a § 2255 does not entitle him to federal habeas relief from this court.

Based on the foregoing, Mr. Lowe has not met the standard required to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his sentence. Peterman, 249 F.3d at 461(federal prisoner petitioning under the general federal habeas statute has the burden to establish that his remedy under the postconviction relief statute is inadequate or ineffective). Therefore, this petition is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice with regard to any 28 U.S.C. § 2255 motion to vacate petitioner could bring in the United States District Court for the District of Columbia.[2]  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

---

[2]  This court will not construe this petition as a motion to vacate pursuant to 28 U.S.C. § 2255. In Shelton, the Sixth Circuit held that, with regard to pro se litigants in particular,

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.'

(continued...)

from this decision could not be taken in good faith.

      IT IS SO ORDERED.


               Peter C. Economus - 10/12/05
               PETER C.  ECONOMUS
               UNITED STATES DISTRICT JUDGE

---

  [2](...continued)

Shelton, 295 F.3d at 622 (citing Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998)). Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.